Argued and submitted July 28, affirmed on appeal and cross-appeal November 4, 1998, petition for review denied February 9, 1999 (328 Or 293)

Joy A. BEEBE,
*Respondent - Cross-Appellant,*

*v.*

Daniel L. DEMARCO,
Ray Wolf and Shirley Wolf,
*Appellants - Cross-Respondents.*

(96C-14051; CA A99284)

968 P2d 396

Gina Anne Johnnie argued the cause and filed the briefs for appellants - cross-respondents.

Andrew P. Ositis argued the cause and filed the briefs for respondent - cross-appellant.

Before Riggs, Presiding Judge pro tempore, and Landau and Linder, Judges.

RIGGS, P. J. pro tempore.

**RIGGS, P. J. pro tempore.**

Defendants appeal from a judgment determining that plaintiff has acquired a prescriptive easement for a 12-foot-wide roadway across defendants' property and permanently enjoining defendants from obstructing or hindering use of the easement. Plaintiff cross-appeals, arguing that the easement should be 19 feet wide. We affirm on the appeal and write only to address defendants' arguments that plaintiff's use was not continuous or adverse and that the trial court erred in allowing plaintiff to enter the easement to make certain repairs. We affirm on the cross-appeal without discussion.

In 1957, plaintiff and her husband purchased lot 11 in the River Crest Acres subdivision in what is now Keizer. Defendant Shirley Wolf's parents owned lot 14 in the subdivision, three lots west of plaintiff's lot.[1] Both lots are approximately 236 feet deep and face Sunset Avenue. Lot 14 is a corner lot bordered on the west by 5th Avenue.

In 1958, the owners of the land to the south of River Crest Acres built a new subdivision, Hidden Acres. That development included a six-foot-wide alley running east-west to 5th Avenue along the rear of the lots in plaintiff and defendants' block. As a result, plaintiff and her husband gained access to 5th Avenue from the rear of their property. They began in 1959 to store a boat along the alley at the rear of their lot and to take the boat out through the alley. Because the alley was not wide enough for their boat, they drove over the land adjoining the alley, on the unfenced back portion of lots 12, 13 and 14. Plaintiff testified that while her children were still at home—from approximately 1959 to 1969—the family drove the boat across the rear of those lots nearly every weekend during the summer. She further testified that from 1970 until 1993, when her husband died, he took the boat out across the same path many evenings and Saturdays.

In 1979, plaintiff and her husband built a large shop at the rear of their lot. Plaintiff's husband operated a small

---

[1] Plaintiff's roadway also runs across lots 12 and 13, the lots separating her lot from defendants' property. Plaintiff's access across lots 12 and 13 is not at issue in this case.

woodworking business from the shop until the early 1990s. Plaintiff testified that her husband would drive from 5th Avenue across the rear of lot 14 to the shop approximately five days per week.

The testimony in the record also shows numerous occasions when plaintiff's contractors, social guests and family members gained access to plaintiff's lot across the rear of lot 14, sometimes at plaintiff's specific direction. The frequent use created easily visible tire ruts across defendants' property adjacent to the alley. There is no evidence in the record that anyone with an ownership interest in lot 14 ever gave permission for plaintiff or any other person to drive across the lot.

In 1994 defendants Shirley and Ray Wolf, who had inherited lot 14 from Shirley's mother, divided the lot into three parcels. They sold the northernmost parcel, on which their house was located, and entered into an agreement with defendant DeMarco to build a house on the southernmost parcel, adjacent to the alley. During that construction, defendants erected a high wooden fence at the southern edge of their property, blocking plaintiff's path across the rear of lot 14.

Plaintiff sued, claiming an easement by prescription. The trial court ruled that plaintiff had established an easement 12 feet wide across the southern portion of lot 14. In its judgment, the court directed defendants to remove the fence, permanently enjoined them from obstructing the easement, and specified that plaintiff and her successors could "enter upon the easement areas and grade, level, drain, build, maintain, repair or rebuild the roadway * * *."

Defendants raise five assignments of error on appeal. We reject their second and fourth assignments, which relate to the openness of plaintiff's use and the width of the easement, without discussion. Their first assignment of error concerns the continuity of plaintiff's use of the path across lot 14. To establish a prescriptive easement, a claimant must show by clear and convincing evidence "an open and notorious use of defendant's land adverse to the rights of defendants for a continuous and uninterrupted period of ten years." *Thompson v. Scott*, 270 Or 542, 546-47, 528 P2d 509

(1974). Defendants argue that the trial court erred in considering use by plaintiff's contractors and guests in determining whether plaintiff's use was continuous. In other words, defendants assert that plaintiff and her husband's personal use of the roadway was insufficient to meet the requirement of continuous use, that the trial court made up for that deficiency by crediting to plaintiff use by her contractors and guests, and that the court erred in so doing because the acts of third parties cannot be credited to plaintiff for that purpose.

■ We need not reach defendants' argument concerning use by third parties, because it is clear on this record that the use of the roadway by plaintiff and her husband, by itself, was sufficiently continuous to satisfy the requirement for a prescriptive easement. "Continuous use does not mean constant use; it refers only to the character of the user's state of mind and requires only that the alleged easement be used in a manner consistent with the needs of the user." *Kondor v. Prose*, 50 Or App 55, 59, 622 P2d 741 (1981). "It is necessary only to show that the claimant made such reasonable use of the way as his needs required." *Feldman et ux. v. Knapp et ux.*, 196 Or 453, 473, 250 P2d 92 (1952). Here, the evidence shows that plaintiff and her husband used their path across lot 14 whenever they needed to gain access to the rear of their property, that they did so at first during the summers, and later as often as five times a week, from 1959 to the early 1990s, and that they never expressed an intention to abandon their use of the roadway. That use alone is sufficient justification for the trial court's conclusion that plaintiff's use was continuous. *See, e.g., Hay v. Stevens*, 262 Or 193, 195, 497 P2d 362 (1972) (plaintiff's intermittent use of a foot path to the beach during summers and on weekends was sufficiently continuous to create an easement by prescription).

■ In their third assignment of error, defendants argue that the trial court erred in finding that plaintiff's use of the roadway was adverse. "A use that is shown to be open and continuous for a 10-year period is presumptively adverse." *House v. Hager*, 130 Or App 646, 651, 883 P2d 261, *rev den* 320 Or 492 (1994). That presumption may be rebutted by a showing that the plaintiffs "merely used an existing road in a way that did not interfere with defendants' use," or by a

showing that the use was permissive. *Id.* Here, the evidence does not reflect an existing road, permissive use, or use of the roadway by defendants; accordingly, defendants have failed to rebut the presumption of adverseness.[2]

■    In their fifth assignment of error, defendants argue that the trial court erred in allowing plaintiff to "improve" her easement. Specifically, defendants urge that the easement is a dirt and grass path and that the judgment is worded broadly enough to allow plaintiff to pave the easement, which would impermissibly increase the burden on the servient estate.

"An easement owner is limited to those uses of the easement that are reasonably necessary for the easement's intended purpose." *Tooker v. Feinstein,* 131 Or App 684, 687, 886 P2d 1051 (1994), *on recons* 133 Or App 107, 889 P2d 1356, *rev den* 321 Or 94 (1995). Easement owners are required to keep their easements in repair. ORS 105.175. The judgment here specifically allows plaintiff to do certain acts—grading and leveling, for example—that are consistent with plaintiff's use of the easement and her obligation to repair it. Although it is possible that the judgment could be interpreted to permit paving, *see Hotchkiss v. Young,* 42 Or 446, 451, 71 P 324 (1903) (owner of roadway easement "may level, gravel, plow, pave, and even grade * * *"), the judgment does not expressly permit it, and there is no indication on this record that plaintiff is seeking to pave the easement. Accordingly, we do not decide in this case whether paving is an appropriate means of keeping the easement in repair.

Affirmed on appeal and cross-appeal.

---

[2] In our recent decision in *Arana v. Perlenfein,* 156 Or App 15, 964 P2d 1125 (1998), we held that the owners of the purported servient estate had overcome the presumption of adverseness. There, plaintiffs claimed a prescriptive easement over an existing alley adjacent to defendants' business. Because defendants continued to use the existing roadway during the prescriptive period, we held that plaintiffs' use was not adverse. Here, there is neither an existing roadway nor concurrent use by the owners of the servient estate and, accordingly, *Arana* is distinguishable.