Argued and submitted September 15, 1998, affirmed December 6, 2000

## FOSTER AUTO PARTS, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## CITY OF PORTLAND,
*Appellant.*

(960201274; CA A98658)

15 P3d 573

Nancy E. Ayres, Senior Deputy City Attorney, argued the cause and filed the briefs for appellant.

Roy Pulvers argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Defendant City of Portland appeals from a judgment that held that plaintiff has a prescriptive easement in a private driveway that joins a city road. Defendant argues that plaintiff has no right to the easement, in part because plaintiff failed to secure a permit for the driveway in violation of relevant municipal ordinances and state statutes. On *de novo* review, we affirm.

Plaintiff owns and operates a large business located at 103rd Avenue and Foster Road in Portland. Beginning in 1962, plaintiff used a dirt and gravel driveway as one means of access to its property from Foster Road. The driveway, which covered approximately 775 square feet, ran over a strip of land owned by Portland Traction Company (PTC). The driveway was north of and parallel to two railroad tracks operated by PTC, but it did not touch the tracks. The main track was to the south; parallel to it was a side track that PTC's customers used to load and unload freight. In 1972, plaintiff paved, graded and striped the driveway. As part of that work, it built the driveway over the shoulder of Foster Road and matched the curb line of the street so that the driveway, the road shoulder and the road were all level. Plaintiff continued to use and maintain the driveway regularly after the 1972 improvements.

Between 1962 and 1976, the area involved (including Foster Road) was under the jurisdiction of Multnomah County. The city annexed the land in 1976 and took over responsibility for the road. Both the city and the county had ordinances requiring a permit for access to a public road, and a state statute required a permit to construct any structure on the right of way for a county road. *See* ORS 374.305. Plaintiff never applied for a permit from the county, city, or state for the driveway.

PTC stopped operating the railroad sometime in the late 1980s. In 1990, it conveyed its land to the city. Since then, the city has developed the entire railroad corridor, including the land in question here, as the recreational Springwater Corridor. As part of that development, the city closed and removed the driveway at issue. Plaintiff sued for

damages for the loss of the alleged prescriptive easement. The court bifurcated the case, first to determine if plaintiff had a prescriptive easement, and then, if necessary, to determine damages. After a trial, it determined that plaintiff had a prescriptive easement in the driveway and entered judgment under ORCP 67 B. Defendant appeals from that judgment.

■ The principal issue on appeal is whether plaintiff's failure to secure a permit made the driveway illegal from the outset and thus something in which plaintiff could not acquire prescriptive rights. ORS 374.305 provides that

> "[n]o person * * * may place, build or construct on the right of way of any state highway or county road, any approach road, structure * * * or substantially alter any such facility * * * without first obtaining written permission from the Department of Transportation."

City and county ordinances also required that landowners obtain permits for access to roads that were within the relevant jurisdictions. The city argues that the lack of the required permits prevented plaintiff from acquiring a prescriptive easement for the driveway. Plaintiff contends that it satisfied the requirements for a prescriptive easement in the part of the driveway that was built on PTC's land; on appeal, plaintiff makes no claim to "any portion of the publicly-owned shoulder."

Plaintiff sought a declaration that it had acquired a prescriptive easement for the driveway before the city acquired the land from PTC in 1990. Plaintiff began using the driveway in 1962. The prescriptive period for acquiring an easement is ten years, *see* ORS 12.040(1), ORS 12.050, so the easement could have been acquired by prescription before the city acquired the land and began developing the Springwater Corridor. Consequently, the narrow issue for us to decide is whether the lack of a permit for the driveway during the prescriptive period precludes a court from recognizing the easement for the driveway. We conclude that it does not.

In the city's view, a prescriptive easement cannot be established for a use that constitutes a public nuisance. The city considers the use of the driveway without the required

permits to be such a nuisance. Hence, according to the city, the trial court was required to reject plaintiff's claim to a prescriptive easement for the driveway.

██ The city is correct that a prescriptive right cannot be obtained for a public nuisance. The basis for that is that the statute of limitations and, hence, the prescriptive period to acquire an interest in land does not run for a public nuisance, and the private landowner whose land would be affected by the easement can oppose the use as a public nuisance even though the landowner has allowed the use to continue over the prescriptive period. *See, e.g., Smejkal v. Empire Lite-Rock, Inc.*, 274 Or 571, 574-77, 547 P2d 1363 (1976).

The problem with the city's reliance on that principle is that the lack of a permit does not necessarily establish that the driveway constituted a public nuisance during the time of the prescriptive period to establish that use, that is, from 1962 to 1972. The permit requirements for access to public roads and for construction of improvements on public rights of way are intended to control those activities to protect public safety. However, the city has cited no authority, and we know of none, that supports the principle that the lack of the required permits conclusively establishes that the use of the driveway was a danger to the public or otherwise an objectionable use of land that constituted a public nuisance.

The city apparently recognized that problem with its argument, because it presented evidence at trial to establish that the city would not have granted a permit for the driveway in 1996 because the driveway would have been unsafe to use after the city had constructed the improvements for the Springwater Corridor. That the driveway would have been unsafe to use after 1996 does not establish that it was unsafe in 1972, the year in which the prescriptive period was completed and in which plaintiff paved the shoulder of Foster Road to connect the driveway to the road. On this record, we conclude that the city has failed to establish that the driveway constituted a public nuisance during the time period in which plaintiff was acquiring a prescriptive right over PTC's land for it.[1]

---

[1] Our resolution of that issue implies nothing about plaintiff's right of access to the road and the effect of its failure to obtain the required permits before the city acquired the PTC land and removed the driveway.

The city also contends that plaintiff failed to establish that it had acquired an easement over the PTC land before the city acquired the land. To establish a prescriptive easement, plaintiff had to prove open, notorious use of the land, adverse to the rights of PTC, for a continuous and uninterrupted period of ten years. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974). In order to satisfy the open and notorious requirement, the use of the easement must have been such that PTC had a reasonable opportunity to learn of its existence and nature. *Baylink v. Rees*, 159 Or App 310, 317, 977 P2d 1180 (1999) (citing *Thompson v. Schuh*, 286 Or 201, 211, 593 P2d 1138 (1979)). Plaintiff used PTC's land as a major access point to its business during normal business hours; it paved and striped the land in 1972. Plaintiff's use of the land was clearly visible. Based on that evidence, we conclude that plaintiff established that it made open and notorious use of the easement.

Plaintiff's use must also have been adverse to the rights of the owner. At all times, plaintiff used the PTC land for its own purpose, with no benefit to PTC. Open use for a period of ten years creates a presumption that the use is adverse to the owner's rights. *Feldman v. Knapp*, 196 Or 453, 470-72, 250 P2d 92 (1952). To rebut the presumption, there must be a showing that the use was permissive or a showing that the party asserting the easement used an existing road in a way that did not interfere with the owner's use. *Beebe v. DeMarco*, 157 Or App 176, 180-81, 968 P2d 396 (1998), *rev den* 328 Or 293 (1999). Defendant argues that plaintiff's use was permissive, because the entire railroad area was open to the public. The railroad area, in particular the northern track, was open to PTC's customers to load and unload freight from parked boxcars, and members of the public occasionally used the area to walk or bicycle. However, PTC did not give or imply permission for plaintiff to use the property as part of a private driveway for its business. Defendant has not rebutted the presumption that plaintiff's use was adverse.

Finally, plaintiff's use must have been continuous and uninterrupted for more than ten years. *Schuh*, 286 Or at 211. Plaintiff used the PTC land in a normal business manner from 1962 to 1996. Its use of the property was consistent with the character of the easement. That PTC ran trains on

the tracks and that the public occasionally used the area for recreation does not defeat plaintiff's claim. In order to establish a prescriptive easement, plaintiff did not have to show that its use of the land was exclusive or constant, just that it was consistent with the character of the claimed easement. PTC's occasional running of trains on the nearby track did not interfere with plaintiff's use. We find that plaintiff established a prescriptive right for its driveway over the PTC land. Hence, we affirm the trial court's declaration of that right.[2]

Affirmed.

---

[2] The city raised other objections to the court's declaration, which we reject without discussion.