Argued and submitted April 18, affirmed July 13, 2011

James Walter DRAYTON,
individually,
*Plaintiff-Respondent,*

*and*

James W. DRAYTON,
Trustee of the James W.
and Patricia B. Drayton Family Trust,
*Plaintiff,*

*v.*

CITY OF LINCOLN CITY;
Torrance Construction, Inc.,
dba Bear Valley Nursery;
and Andrea Torrance,
*Defendants,*

*and*

Scott TORRANCE,
*Defendant-Appellant.*

Lincoln County Circuit Court
065122; A142972

260 P3d 642

Carl D. Crowell argued the cause for appellant. On the briefs were Michael S. Elliott and Crowell Ing, LLP.

Russell L. Baldwin argued the cause and filed the brief for respondent.

Before Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Plaintiff brought several claims against defendants Scott and Andrea Torrance and the City of Lincoln City arising from a longstanding dispute among the parties about aspects of the operation of plaintiff's landscaping business that resulted in the deposit of windblown dust and dirt onto adjoining property owned by the Torrances. Among other claims, plaintiff sought a prescriptive easement to shield his activities. As pertinent here, the Torrance defendants counterclaimed for public and private nuisance and for trespass, seeking damages and an injunction. The trial court entered a judgment in favor of plaintiff on the prescriptive easement claim and on defendants' counterclaims. Defendant Scott Torrance appeals, and we affirm.

Defendant raises six assignments of error on appeal, and asks us to exercise our discretion to review *de novo* the facts that the trial court found on plaintiff's claim and with respect to any defenses thereto and the equitable aspects of their counterclaims. We decline to review the record in this case under that standard. ORS 19.415(3)(b). Accordingly, we review the trial court's legal conclusions for legal error and are bound by the court's findings on the parties' equitable claims and defenses, unless there is no evidence to support them; we presume that disputed facts in the record were decided consistently with the court's ultimate conclusion. *State v. D. R.*, 239 Or App 576, 579, 244 P3d 916 (2010).[1]

Viewed under that standard, and without unnecessary detail, we recite the pertinent evidence in accordance with the trial court's findings. Plaintiff and the Torrance defendants own adjoining parcels of property in Lincoln City. Plaintiff's predecessor in interest started a landscaping business in 1984, supplying gravel, rocks, bark dust, compost, topsoil, and sand to customers. Plaintiff bought the property and landscaping business in 1991. Since 1984, the same products have been stored, moved, and sold on plaintiff's

---

[1] Defendants presented evidence to a jury on their counterclaim for damages for trespass. Because of our disposition of this appeal, we need not resolve defendant's assignment of error challenging the trial court's dismissal of the trespass counterclaim on the ground that the evidence of damages was too speculative.

property. Small particulates of landscaping material, primarily consisting of bark dust, have regularly blown onto the Torrances' adjoining property since plaintiff's predecessor started the business in 1984. The frequency and degree of the intrusion have varied over time, depending on variables such as wind, weather, and the volume of business inventories. Over time, improvements were removed from the Torrances' property. Before and after the removal of those improvements, all the Torrance property was regularly invaded by the materials, "both by what you could see in the residue on the ground and in the buildings and on the buildings[.]"

The Torrances purchased their property in 2002, and they opened a nursery business on that property in 2004. In 2006, the Torrances complained to a Lincoln City code enforcement officer about the material blowing from plaintiff's property onto their property. As a result of an ensuing investigation, the city cited plaintiff for violating Lincoln City Municipal Code section 12.08.050(b) by committing "land disturbing activity causing erosion or deposits of material on the property of another." The municipal court eventually found plaintiff guilty of violating the ordinance, which constituted an infraction. In 2006, plaintiff brought this action against defendants, seeking, in addition to his claims against the Torrances, to enjoin the city from enforcing the ordinance against plaintiff.[2] As discussed, the Torrances filed counterclaims, and the equitable claims, defenses, and counterclaims were tried to the court, while the counterclaim for damages was presented to a jury.[3] The court found that plaintiff had established a prescriptive easement, and it dismissed the counterclaims. Defendant appeals from the ensuing judgment.

Three of defendant's assignments of error challenge the trial court's failure to admit into evidence and, indeed, give conclusive effect to, with respect to the public nuisance

[2] Plaintiff and the city eventually settled that claim, and it is not pertinent to our disposition of this appeal.

[3] After defendants rested, the court dismissed the trespass claim on the ground that the evidence of damages was speculative. Thus, as previously noted, 244 Or App at 146 n 1, that claim was not actually submitted to the jury for verdict.

counterclaim, the Lincoln City Municipal Court judgment that convicted plaintiff of the violation of the ordinance. The trial court declined to admit that judgment on the ground that, under OEC 403, any relevance that it might have to the public nuisance counterclaim was substantially outweighed by its unfairly prejudicial effect. The court dismissed that counterclaim on the ground that the Torrances had adduced no other evidence to show that plaintiff had committed a public nuisance. As discussed below, those rulings were not error.

This case involves the doctrines of public nuisance and private nuisance. As we have explained

"The doctrines of public nuisance and private nuisance have different origins and protect different interests. However, many of the governing rules are the same. A public nuisance is an unreasonable interference with a right that is common to all members of the public. Because the primary responsibility for preventing public nuisances is with the public authorities, a private action to enforce that right requires proof that the plaintiff suffered an injury distinct from the injury that the public as a whole suffered. A private nuisance is an unreasonable non-trespassory interference with another's private use and enjoyment of land. The right to recover is in the person whose land is harmed. *See Smejkal v. Empire Lite-Rock, Inc.*, 274 Or 571, 574, 547 P2d 1363 (1976); *Raymond v. Southern Pacific Co.*, 259 Or 629, 634, 488 P2d 460 (1971); *Restatement (Second) of Torts* (1979) §§ 821A, 821B, 821D; introductory note (1979)."

*Mark v. Dept. of Fish and Wildlife*, 158 Or App 355, 359-60, 974 P2d 716 (1999).

For purposes of this case, one of the important differences between the two doctrines is that, although a person can obtain a prescriptive right to maintain a private nuisance, the same cannot be said for public nuisances. *Foster Auto Parts, Inc. v. City of Portland*, 171 Or App 278, 282, 15 P3d 573 (2000). The basis for the difference is that the statute of limitations and, hence, the prescriptive period to acquire an interest in land does not run for a public nuisance, and the private landowner whose land would be affected by the easement can oppose the use as a public nuisance even though the

landowner has allowed the use to continue over the prescriptive period. *See, e.g., Smejkal*, 274 Or at 574-77.

With those principles in mind, we turn to defendant's arguments that the trial court erred in excluding from evidence and not giving preclusive effect to the municipal court judgment. The central problem with defendant's argument regarding the admissibility and evidentiary effect of that judgment is that, contrary to his assertion, it would not have established that plaintiff's activities constituted a public nuisance. As noted, a judgment that plaintiff had violated the ordinance did not depend on the fact that he had done anything with respect to public property; rather, it was based on a determination that plaintiff had conducted land-disturbing activities that had either caused erosion or deposits of material on the property "of another." Consistently with the nature of defendant's complaint to the city's code enforcement officer, the primary focus of the municipal court's memorandum opinion was on the effect of plaintiff's activities on defendants' "adjacent property." In one passage of its memorandum opinion, the court stated that the city had presented evidence that "wind and rain caused earth and sand to be blown from [plaintiff's] property and deposited upon public property (the public street) and private property." However, that recital was not necessary to establish that plaintiff had violated the ordinance. *See Nelson v. Emerald Peoples' Utility District*, 318 Or 99, 104, 862 P2d 1293 (1993) (in order to be preclusive, issue decided in earlier case must have been "actually litigated and essential to a final decision on the merits in the prior proceeding").

More importantly, although the recital and the judgment itself might have been minimally relevant as foundational evidence toward establishing that plaintiff had committed a public nuisance, that evidence did not demonstrate that plaintiff had unreasonably interfered with a right common to the public. Neither the judgment nor any recital contained therein established any fact apart from what plaintiff had readily acknowledged, namely, that he and his predecessor had engaged in activities that caused deposits of material on the property of another. Yet, the Torrances proffered the

evidence for the purpose of conclusively proving a public nuisance. Because the Torrances' intended use of the evidence would have tended to mislead the jury, the trial court did not abuse its discretion by excluding it.[4] Moreover, there was no other evidence in the record in this case that established the degree or duration of any interference that plaintiff's activities caused with respect to a public right, whether in a public street or otherwise. Because there was no evidence that plaintiff's activities had unreasonably interfered with a public right, the trial court did not err in dismissing defendants' counterclaim for public nuisance.

We turn, then, to defendant's contentions that the trial court erred (1) in concluding that plaintiff had proved his prescriptive easement claim and (2) in dismissing the remaining counterclaims for private nuisance and trespass. Unlike a claim for public nuisance, claims for private nuisance and trespass can be overcome by clear and convincing proof of a supervening prescriptive right. *Arrien v. Levanger*, 263 Or 363, 372, 502 P2d 573 (1972); *Restatement (Second) of Torts* § 821C comment e (1965). Thus, if there was clear and convincing evidence to support the trial court's conclusion that plaintiff had established a prescriptive easement over the Torrances' property, the court properly dismissed the remaining counterclaims.

To establish a prescriptive easement, plaintiff had to prove open, notorious use of the land, adverse to the rights of defendants and their predecessors, for a continuous and uninterrupted period of 10 years. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974). To satisfy the open and notorious requirement, the use of the easement must have been such that defendants and their predecessors had a reasonable opportunity to learn of its existence and nature. *Baylink v. Rees*, 159 Or App 310, 317, 977 P2d 1180 (1999). Open use

---

[4] We reject without extended discussion defendant's assertion that the trial court did not engage in "a careful analysis" of the probative and prejudicial effects of the municipal court judgment. Suffice it to say that the court engaged in a conscious process of balancing the cost of the evidence against its benefits. *See State v. Meyers*, 132 Or App 585, 587-88, 889 P2d 374 (1995) (court did not follow *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) analysis on the record but record was adequate to determine that trial court properly exercised discretion). Especially in the face of defendant's misunderstanding of the relative weight of the excluded evidence, the trial court's analysis was sufficient.

for a period of 10 years creates a presumption that the use is adverse to the owner's rights. *Feldman v. Knapp*, 196 Or 453, 470-72, 250 P2d 92 (1952). Finally, to show continuous and uninterrupted use for more than 10 years, plaintiff had to prove that he or his predecessor used the property in a normal manner throughout such a period, irrespective of characteristic ebbs and flows. *Frady v. Portland General Elec. Co.*, 55 Or App 344, 637 P2d 1345 (1981) (holding that, in order to establish a prescriptive easement, the plaintiff did not have to show that its use of the land was exclusive or constant, only that it was consistent with the character of the claimed easement).

The evidence recited above was sufficient to establish, clearly and convincingly, that plaintiff and his predecessor had satisfied each of the requirements to establish a prescriptive easement over the Torrances' property for purposes of engaging in the challenged activities. It follows that the trial court did not err in entering a judgment in favor of plaintiff on that claim and in dismissing the counterclaims for private nuisance and trespass.[5]

Affirmed.

---

[5] We reject without discussion defendant's sixth assignment of error, in which they assert that the prescriptive easement had "no legal description and is incapable of limitation."