Argued June 3, affirmed September 24, petition for rehearing
denied November 18, 1969

WOODS ET UX, *Appellants, v.* HART ET UX,
*Respondents.*
458 P. 2d 945

*Howard J. Bobbitt,* Portland, argued the cause for appellants. With him on the brief were Martindale, Ruben & Rothman, and Theodore S. Bloom, Portland.

*Sanford Kowitt,* Portland, argued the cause for respondents. With him on the brief were Peterson, Chaivoe & Londer, Portland.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a suit to establish a prescriptive easement of way across the land of defendants and for injunctive relief preventing defendants from interfering with plaintiffs' use of the easement. Plaintiffs appeal from a decree in favor of defendants.

Plaintiffs contend that their use of the roadway in question was adverse; defendants contend that the use was not adverse but merely permissive. The trial court held that plaintiffs' use for the prescriptive period gave rise to a presumption of adverseness, relying upon *Feldman et ux v. Knapp et ux,* 196 Or 453, 250 P2d 92 (1952), but that the presumption was rebutted by defendants' evidence of a permissive use.

We do not think that any worthwhile purpose would be served by setting out in detail the juxtaposition of the various parcels involved, the chain of title and all of the details of evidence pointing on one hand to an adverse use and on the other to a permissive use.

In general the evidence discloses that the roadway in question had been in existence before either defendants or plaintiffs acquired their respective parcels of land. It is undisputed that plaintiff Robert Woods used the road and that defendants knew that he was using it. There is little more than this to show that the use was adverse or permissive. If this had been a situation where plaintiff himself had constructed the road through the land now owned by defendants without asking for the servient owner's permission, the act of building the road would give rise to a strong inference of an adverse use. Under such circumstances we have held that a presumption of adverseness is raised.[1]

But Woods did not construct the road in question. He testified that on several occasions he shared in the work and expense of maintaining the road. That, however, would not necessarily establish that plaintiff was asserting a right to the road; it is equally inferrable that he contributed the work and money to compensate the servient owners for the privilege of using the way.

Where one uses an existing way over another person's land and nothing more is shown, it is more reasonable to assume that the use was pursuant to a friendly arrangement between neighbors rather than to assume that the user was making an adverse claim. In these circumstances some courts have held that the servient owner is entitled to the benefit of a presumption that the use is permissive. Illustrative is *Harkness v. Woodmansee*, 7 Utah 227, 26 P 291 (1891), quoted in *Zollinger v. Frank*, 110 Utah 514, 518, 175

---

[1] A. C. Bohrnstedt v. Scharen, 60 Or 349, 119 P 337 (1911); Feldman et ux v. Knapp et ux, 196 Or 453, 250 P2d 92 (1952).

P2d 714, 716, 170 ALR 770 (1946), where the court said: " 'Where a person opens a way for the use of his own premises, and another person uses it also without causing damage, the presumption is, in the absence of evidence to the contrary, that such use by the latter was permissive, and not under claim of right.' "[2]

■■ It is not necessary for us to decide whether we would adopt the view of these courts which recognize a presumption of permissiveness where the claimant makes a use of an existing way. Even if we were to hold that a presumption of adverseness arises in every case where one person uses a way across another person's land for the prescriptive period, the fact that the claimant's use is of an existing way and the use does not interfere with the owner's use is, in our opinion, enough to rebut the presumption of adverseness. Even if the rebutted presumption is regarded as having some evidentiary value, it alone cannot preponderate in favor of plaintiff in the face of the equally strong or stronger inference of permissiveness favoring defendant arising from the use of an existing way. The character of the evidence in these circumstances is well described in *Anthony et al v. Kennard Bldg. Co.,* 188 Mo 704, 723-24, 87 SW 921 (1905):

"If one, for his exclusive use, makes a road across the land of another, it is one circumstance going to make up a combination of circumstances, if there are such, from which adverse use may be inferred. But, if the owner of the land opens a road across it for his own use and uses it and keeps it open for his own use, the fact that he sees his neigh-

[2] For other cases see Annotation: Easement by Prescription: Presumption and Burden of Proof as to Adverse Character of Use, 170 ALR 776.

bor also making use of it, under circumstances that in no way injures the road, or interferes with his own use of it, does not justify the inference that he is yielding to his neighbor's claim of right or that his neighbor is asserting any right. It signifies only that he is permitting his neighbor to use the road * * * 'in a neighborly way.' "[9]

■ Plaintiffs contend that their right to use the road can also be predicated upon an implied easement arising out of their purchase of a part of a larger tract owned by defendants' predecessor in title. This theory was not disclosed by the pleadings and was not presented to the trial court as a basis for plaintiffs' claim. Since the theory was not presented below we need not now consider it.[4]

The decree of the trial court is affirmed.

---

[9] See also Hall v. McLeod, 2 Met (Ky) 98, 74 Am Dec 400, 402 (1859), cited with approval in A. C. Bohrnstedt Co. v. Scharen, 60 Or 349, 119 P 337 (1911).

[4] Drury v. Pekar, 224 Or 37, 355 P2d 598 (1960), holding that the plaintiff could not change his theory from adverse possession which he presented below, to a theory of "practical location" of boundaries which he presented for the first time on appeal.