Argued January 7, affirmed February 13, 1975

TREWIN ET UX, *Appellants, v.* HUNTER ET AL,
*Respondents.*

531 P2d 899

*Michael Brian* of Day & Brian, Medford, argued
the cause and filed a brief for appellants.

*Manville M. Heisel,* Medford, argued the cause and
filed a brief for respondents.

O'CONNELL, C. J.

Plaintiffs brought this suit in equity to estab-
lish by prescription their ownership of a roadway

easement across defendants' land. The trial court entered a decree for defendants, enjoining plaintiffs from trespassing upon defendants' property. Plaintiffs appeal.

Plaintiffs and defendants own and reside upon adjoining parcels of land along the Applegate River in rural Jackson County, Oregon. For at least 40 years plaintiffs' predecessors in interest have used a road across defendants' land for ingress and egress to and from the nearest public road. Plaintiffs contend that this use was adverse and therefore sufficient to establish an easement by prescription. Defendants contend that the use was permissive.

Plaintiffs clearly established that the use of the roadway was adverse beginning in 1967. However, prior to 1967 the evidence reveals only that the roadway was used by plaintiffs' predecessors and that such use was not objected to by defendants' predecessors. There was no evidence that plaintiffs' predecessors asked permission to use the road, nor was there any other evidence to show that plaintiffs understood their use to be by the acquiescence of defendants' predecessors. There was evidence showing that various gates had been constructed across the road and that these gates were reclosed by plaintiffs' predecessors after using them, but none of this evidence helps to determine whether the use was adverse or with permission. We have, then, proof of adverse use but only for a period of less than ten years.

Plaintiffs seek to prevail notwithstanding this lack of evidence by invoking the established rule that a showing of unmolested, continuous use for the prescriptive period gives rise to a presumption of ad-

versity.[1] In response to this contention, the trial court found that any presumption of adversity which may have arisen from plaintiffs' continuous use was rebutted by the fact that the road was used jointly by the owners of both the alleged servient and the alleged dominant estate. He concluded:

> "Taking all of the testimony into consideration, it is this Court's opinion that it shows the use of the land was permissive and that the various owners of the servient estate were permitting their neighbors to use the road in a 'neighborly' way. Woods v. Hart, 254 Or 434 (1969)."[2]

In *Woods v. Hart,* 254 Or 434, 436, 458 P2d 945 (1969), we recognized the rule that where the dominant owner constructs and uses a road through the servient owner's land, there is "a strong inference of an adverse use." However, we held that "[w]here one uses an existing way over another person's land and nothing more is shown, it is more reasonable to assume that the use was pursuant to a friendly arrangement between neighbors rather than to assume that the user was making an adverse claim."

In the present case there is no evidence to show whether the road was constructed by the owners of the dominant estate or by the owners of the servient estate. It is undisputed that the road was used over the years by the servient owners in connection with their farming operations on the servient estate. There was also evidence that the location of the road was changed along a part of its course by the servient owners. It is our opinion that when a road is used in common by the dominant and servient owner and

---

[1] Feldman v. Knapp, 196 Or 453, 250 P2d 92 (1952).

[2] Opinion and Findings of the trial court.

there is no evidence to establish who constructed the road, it should be presumed that the servient owner constructed it for his own use. Plaintiffs having failed to carry their burden of proof, the decree of the trial court must be affirmed.

Decree affirmed.