Argued January 6, affirmed January 29, 1976

BOYER et ux, *Appellants,*
*v.*
ABSTON et al, *Respondents.*

544 P2d 1031

*Dan Wolke,* Grants Pass, argued the cause for appellants. With him on the brief were Martin and Wolke, Grants Pass.

*William M. Sloan,* Grants Pass, argued the cause for respondents. With him on the brief were Johnson, Sloan & Jordan, Grants Pass.

DENECKE, J.

## DENECKE, J.

The plaintiffs brought this suit praying that they be adjudged owners of an easement over the property of defendants. The trial court found for the defendants and plaintiffs appeal. The proceedings being equitable, we review de novo.

The parties are adjacent property owners. The only access to plaintiffs' property is a roadway known as Oak Hollow Road which passes through defendants' property and in front of defendants' home.

In 1945 the Gibsons, plaintiffs' predecessors, began a sawmill operation which lasted until 1953 and operated again for a brief one-year period in 1957. During this eight-year period the Gibsons used Oak Hollow Road to gain ingress and egress to and from their property, but never interfered with the use of the property by the then owners.

In order to establish a prescriptive easement, the party claiming the easement must prove that the use was hostile and adverse to the rights of the record owner. If the use is found to be with the permission of the owner, the party claiming the prescriptive easement has not proved that the use is hostile and adverse.

Two portions of the evidence militate against a finding that the plaintiffs' use was adverse. All of defendants' predecessors permitted hunters, miners and neighbors to use the road. In *Thompson v. Scott,* 270 Or 542, 551, 528 P2d 509 (1974), we stated: "Another fact militating against treating plaintiffs' use as adverse is the non-exclusive character of plaintiffs' use."

The other evidence is that the plaintiff did not build this road; its origin is unknown, and the defendants used the road and since 1953 exclusively maintained it. The plaintiffs and their predecessors did not use the road so as to injure it or interfere with defendants' use.

[ 163 ]

This all indicates that the plaintiffs' use is permissive. *Trewin v. Hunter,* 271 Or 245, 531 P2d 899 (1975); *Woods v. Hart,* 254 Or 434, 437-438, 458 P2d 945 (1969).

We find the plaintiffs' use and that of their predecessors was not adverse or hostile.

Affirmed.