Argued and submitted January 13, reversed; remanded for entry of judgment for defendant February 22, 1989

## STONE,
*Respondent,*

*v.*

## HENRY ENTERPRISES, INC.,
*Appellant.*

(E86-1724; CA A48061)

768 P2d 442

Neal Walker, Roseburg, argued the cause for appellant. With him on the briefs was Walton, Nilsen, Walker & Johnson, P.C., Roseburg.

Bruce R. Coalwell, Roseburg, argued the cause for respondent. With him on the brief was Dole, Coalwell & Clark, P.C., Roseburg.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a judgment granting plaintiff an easement by prescription over a road crossing defendant's ranch. It contends that plaintiff did not prove that plaintiff's predecessor's use of the road was "adverse." We review *de novo* and reverse.

In order to establish a private prescriptive easement, a plaintiff must show, by clear and convincing evidence, an open and notorious use of land adverse to the rights of the servient owner for a continuous period of 10 years. *Thompson v. Scott,* 270 Or 542, 546-47, 528 P2d 509 (1974). Proof by "clear and convincing evidence" means that the truth of the facts asserted is highly probable. *Riley Hill General Contractor v. Tandy Corp.,* 303 Or 390, 408, 737 P2d 595 (1987).

The ranch owned by defendant lies between plaintiff's property and a county road. It has been owned by members of the Henry family since before 1907. In the 1940's, Calvin Henry built a road for access to a sawmill at the eastern edge of the ranch and for his own use. The road is in view of the Henry residence. In 1958, plaintiff's father and predecessor in interest, Richard Stone, acquired ownership of a parcel of land on the east boundary of the Henry ranch and constructed a residence. Stone used the road for access to his residence for 22 years. He maintained the portion of the road near his property. Henry worked on the entire road. The parties never discussed the use of the road nor was there ever any objection or interference with the common use of the road by both Stone and Henry.[1]

---

[1] By way of deposition, Henry testified at trial as to whether Stone had permission to use the road:

"Q. Now, was there anything said about, let's start with Miller, was there ever anything said to Miller about the use of the road?

"A. They only just had our permission to go through the place.

"Q. When you say they had your permission, what do you mean by that?

"A. I just mean that we let um go.

"Q. Was there anything said, particularly said about—

"A. We didn't take a gun out there and run them off, we just let um—we felt sorry

The trial court ruled that Henry's acquiescence to Stone's use did not defeat plaintiff's claim, relying on *Feldman v. Knapp,* 196 Or 453, 250 P2d 92 (1952); *Hanscam v. Sousa,* 56 Or App 117, 641 P2d 86 (1982); and *Kondor v. Prose,* 50 Or App 55, 622 P2d 741 (1981). Those cases hold that continuous use for 10 years creates a presumption that the use is under a claim of right and adverse to the rights of the owner. The owner must then show that the use was with the owner's permission. *Kondor v. Prose, supra,* 50 Or App at 60. Mere acquiescence to a use does not amount to permission.

However, in *Woods v. Hart,* 254 Or 434, 458 P2d 945 (1969), the Supreme Court wrote:

> "Even if we were to hold that a presumption of adverseness arises in every case where one person uses a way across another person's land for the prescriptive period, the fact that the claimant's use is of an existing way and the use does not interfere with the owner's use is, in our opinion, enough to rebut the presumption of adverseness." 254 Or at 437.

There is no evidence Stone's use interfered with Henry's use of the road which Henry had constructed before Stone's acquisition of his property. Consequently, the presumption of adverseness which arises from Stone's use is rebutted. *See Trewin v. Hunter,* 271 Or 245, 531 P2d 899

---

for him and let him use it.

"Q. Just let them use the road because they lived there?

"A. Yeah.

"* * * * *

"Q. And what about Jennie, when Jennie lived there?

"A. Yeah, same thing.

"Q. What about Richard Stone?

"A. Same deal.

"Q. Never was anything in writing or anything like that?

"A. No, they just by my permission, I let them use it, I felt sorry for them.

"Q. When you say permission, what kind of permission did you give them?

"A. I didn't run them off with a 30-30.

"Q. You just let them use it?

"A. I let them use it.

"Q. Again, there was nothing said one way or the other then?

"A. They never asked me and I never told them they couldn't use it."

(1975); *Read v. Dokey,* 92 Or App 298, 758 P2d 399 (1988);[2] *Chambers v. Disney,* 65 Or App 684, 672 P2d 711 (1983). The evidence as a whole is insufficient to prove that it is "highly probable" that plaintiff's predecessor's use was "adverse" to defendant.

We do not reach defendant's other assignment of error.

Reversed; remanded for entry of judgment in favor of defendant.

---

[2] *Hanscam v. Sousa, supra,* and *Kondor v. Prose, supra,* do not consider whether a presumption of adverseness arising from continuous use may be rebutted.