On defendant Buckhorn Ranch, LLC's petition for reconsideration filed November 14, and plaintiff's response filed November 21, and on plaintiff's petition for reconsideration filed November 29, and defendant Buckhorn Ranch LLC's response filed December 19, 2001; petitions for reconsideration allowed; opinion modified; disposition modified on cross-appeal; adhered to as modified March 20, 2002

R & C RANCH, LLC,
an Oregon limited liability company,
*Respondent - Cross-Appellant,*

*v.*

Charles KUNDE,
*Defendant,*

*and*

BUCKHORN RANCH, LLC,
*Appellant - Cross-Respondent.*

95-7772; A107289

44 P3d 607

Dennis P. Brookshire and Buckley LeChevallier, P.C., for defendant Buckhorn Ranch, LLC.

Robert L. Nash for plaintiff.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Both plaintiff and defendant have petitioned for reconsideration of our opinion in *R & C Ranch, LLC v. Kunde*, 177 Or App 304, 33 P3d 1011 (2001). We allow both petitions for reconsideration, modify our opinion, remand for a determination on plaintiff's punitive damages claim, and adhere to our opinion as modified.

The facts are set out in our initial opinion. We summarize them briefly to put the parties' arguments in context. Plaintiff and defendant are limited liability companies that own and operate adjacent ranches in Gilliam and Wheeler Counties. Plaintiff's ranch consists of one contiguous parcel of real property that is divided into two separate parts—the low ground and the high ground. Plaintiff and its predecessors have used two routes to gain access to the separate parts of the ranch. Butte Creek Road has been used to reach the low ground. Plaintiff's predecessors got to the high ground using a trail, Buckhorn Road, that runs through defendant's ranch.

Shortly after the parties bought their ranches, a dispute arose as to whether plaintiff could continue traveling over defendant's property. Plaintiff brought this action to establish a prescriptive easement or, in the alternative, a statutory way of necessity across defendant's property. Plaintiff requested damages for the losses that it incurred as a result of defendant's refusal to let it use Buckhorn Road. Plaintiff later amended its complaint to add a claim for punitive damages. Briefly stated, plaintiff's theory of punitive damages was that defendant had barred plaintiff from using its recognized right of way over defendant's land in order to force plaintiff to give defendant a right of way over plaintiff's land.

Before trial, defendant moved for partial summary judgment on, among other things, plaintiff's punitive damages claim. The trial court granted defendant's summary judgment motion on the punitive damages claim and later denied plaintiff's motion for reconsideration. On cross-appeal, plaintiff assigned error to that ruling. We upheld the

ruling, reasoning that the plaintiff had not filed any affidavits in opposition to defendant's summary judgment motion on the punitive damages claim until it moved for reconsideration. *R & C Ranch, LLC*, 177 Or App at 316. We concluded that plaintiff's evidence came too late. *Id.*

In its petition for reconsideration, plaintiff notes that the trial court had agreed, in an unrecorded telephone conference, to permit plaintiff to rely on previously filed affidavits to oppose defendant's motion for summary judgment on the punitive damages claim.[1] That agreement is reflected in the record. Because we conclude that plaintiff properly preserved the issue for appellate review, it is necessary for us to decide whether the affidavits that were before the trial court on summary judgment created a genuine issue of material fact. *See Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997); ORCP 47 C (1995).

On that point, plaintiff's primary theory of punitive damages appears to be that defendant locked the gates on Buckhorn Road (and thus prevented plaintiff from gaining access to its high ground) to coerce plaintiff into allowing defendant to cross plaintiff's property. In its motion for summary judgment, defendant advanced two reasons why summary judgment should be granted on that claim: (1) plaintiff did not own the land when defendant locked the gates and (2) even if plaintiff did own the land, defendant did not lock the gates for malicious reasons.

Both theories turn on disputed factual issues. Defendant submitted affidavits stating that the gate had been locked on or about October 29, 1994, but that plaintiff had not taken title to the property until December 1994. Plaintiff, for its part, submitted an affidavit from William Smith, who sold the property to plaintiff, stating that "after plaintiff purchased the Gilliam County lands from me, defendants

---

[1] Defendant has filed an objection to plaintiff's petition for reconsideration because it was filed on November 29, 2001, rather than November 28, 2001, when it was due. On November 30, 2001, plaintiff filed a properly supported motion for a one-day extension from November 28, 2001 to November 29, 2001, in which to file its petition for reconsideration. Although defendant argues that plaintiff's motion for an extension came too late, we treated plaintiff's motion for an extension as a motion for relief from default and allowed it. In light of those events, we deny defendant's objection to plaintiff's petition for reconsideration.

changed the lock and began blocking access to plaintiff." Plaintiff also submitted an affidavit from Ralph Rittenour, one of the partners in R & C Ranch Enterprises, stating that "[d]efendants have continued to maintain a lock on the gate, depriving us of access, during 1995 and right up to the present." There was a factual dispute whether defendant locked the gate after plaintiff purchased the property in December 1994.

Defendant also argued that, even if it locked the gate after plaintiff acquired the land, it did not do so for an improper purpose. Defendant relied on Charles Kunde's affidavit to support that proposition, in which he stated:

> "The gate was not locked for any selfish or personal motive; but primarily to gain control over our own ranch property; so that total strangers would not feel free to enter upon our ranch property, and look around the premises, including into our ranch house. The belief of Buckhorn Ranch, LLC was that people as a general rule will use whatever road is not locked off to them."

Plaintiff introduced contrary evidence as to why defendant blocked its access. In his affidavit, Smith stated that, when he attempted to get a key for the lock on the gate for plaintiff, "[d]efendan[t], through Mr. Kunde, * * * informed me that they are locking that gate, preventing plaintiff's access, to try to coerce plaintiff into granting an easement to defendan[t] to cross plaintiff's land to reach defendant['s] small and unrelated parcels[.]" Rittenour's affidavit made the same point. Rittenour stated that, after discovering that the gate was locked, he asked Kunde why he had placed a lock on the gate. According to Rittenour, Kunde responded that

> "he and his partners wanted to get access or permission to get across our property to their parcels over by the John Day River, and that he had put the lock on the gate because one of his partners in Chicago 'wanted to bring this to a head.' "

Because there was a factual dispute concerning defendant's motive, the alternative ground that defendant advanced for granting summary judgment fails.[2] We accordingly hold, on

---

[2] On appeal, defendant argued that plaintiff's punitive damages claim also fails because plaintiff did not either plead or make out a viable damages claim. Our initial opinion, which remanded to allow the trial court to address plaintiff's

plaintiff's petition for reconsideration, that the trial court erred in granting summary judgment on plaintiff's punitive damages claim.

We turn to defendant's petition for reconsideration. Only one issue that defendant raises warrants discussion. In our opinion, we stated: "Shortly after the parties purchased the ranches, a dispute arose as to whether they could continue traveling over each other's property, and defendant began locking gates along the trail to prevent access to plaintiff's high ground." *R & C Ranch, LLC,* 177 Or App at 309. Defendant argues that that statement is incorrect because "[t]he undisputed testimony is that Mr. Kunde did not lock the gate after Plaintiff acquired its property, rather the gates were locked on or about October 28, 1994, which predated Plaintiff's acquisition of the property." We disagree with defendant; Kunde's testimony was disputed at trial, and there is evidence that the gates were locked after plaintiff purchased the property. The question, however, of when the gates were locked is not material to the issues that we decided on appeal, and it may have some bearing on the question of punitive damages on remand. Because there is no reason for us to foreclose that issue, we delete the clause "and defendant began locking gates along the trail to prevent access to plaintiff's high ground." We have considered the remainder of the issues that defendant raises in its petition for reconsideration and reject them without discussion.

Petitions for reconsideration allowed; opinion modified; disposition modified on cross-appeal to remand for determination on plaintiff's punitive damages claim; adhered to as modified.

---

damages claim, answers that argument. *See R & C Ranch, LLC,* 177 Or App at 314-15. Defendant also asserted that there was no evidence of intentional misconduct that would warrant punitive damages, but it never explained why plaintiff's claim that defendant withheld access to Buckhorn Road to extort access over plaintiff's land would not, if true, rise to the level of misconduct sufficient to permit a jury to award punitive damages.