Argued and submitted August 13, 2009, reversed and remanded for entry of
judgment for defendants June 9, 2010

Thomas A. INSKO,
*Plaintiff-Respondent,*

*v.*

Donald MOSIER
and Reisom Corporation T-16,
aka Riesom Corporation,
*Defendants-Appellants,*

*and*

John C. NOLIN
and Richard Meek,
*Defendants.*

Union County Circuit Court
050243064; A134151

234 P3d 984

George W. Kelly argued the cause and filed the briefs for appellants.

Joel DeVore argued the cause for respondent. With him on the brief was Luvaas Cobb.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this prescriptive easement case, the issue is whether plaintiff established adequate proof of his adverse use of an existing road located on land owned by defendants.[1] The trial court found plaintiff's proof adequate and entered judgment granting a prescriptive easement over the road. Defendants appeal, arguing that plaintiff's proof that he used the existing road was insufficient, because there was inadequate evidence that his use interfered with defendants' use of the road. On *de novo* review, *Webb v. Clodfelter*, 205 Or App 20, 23, 132 P3d 50 (2006); ORS 19.415,[2] we agree and reverse.

The parties' properties consist of farmland in Union County, north of Elgin, Oregon. All of the properties are east of Cabin Creek Road,[3] a county road. Plaintiff's property lies to the south and the east of the disputed road, with no access to Cabin Creek Road. Defendants' property is located to the east of plaintiff's.[4] Defendants' property, however, also includes a strip of land, approximately 33 feet in width and 1,350 feet in length, that includes the disputed road and connects their property with Cabin Creek Road along the north border of plaintiff's land. Defendants acquired the strip from a common grantor, as we explain in more detail below, in order to provide access to Cabin Creek Road. At issue in this case is whether plaintiff, whose property is also "landlocked" from Cabin Creek Road, acquired the right to use the disputed road on the strip by adverse possession. Proof as to whether plaintiff did so entails evidence of plaintiff's own use of the disputed road, as well as the use of predecessors-in-interest. Accordingly, we are required to describe a complicated chain of title in order to make sense of the testimony of

---

[1] Defendants are Don Mosier and his wholly owned corporation, Reisom Corporation T-16, the deeded owners of the disputed strip. Also named as defendants are neighbors John Nolin and Richard Meek, who do not appear on appeal. For the sake of convenience, throughout this opinion, when we refer to "defendants," we mean defendants Mosier and Reisom.

[2] ORS 19.415, which governs our standard of review, was recently amended. Or Laws 2009, ch 231, §§ 2-3. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Because the notice of appeal in this case was filed before that date, the amendments do not apply.

[3] In their briefs the parties refer to Cabin Creek Road. The road is also known as Palmer Junction Road.

[4] See Appendix for map.

the various owners and previous owners of the relevant parcels.

All parties' deeds originate with common grantors, C. H. and Sadie Gerber (the common grantors), whose 480 acres were directly east of Cabin Creek Road. In 1950, the common grantors deeded 220 acres to defendants' predecessors, Lee and Berta Gerber. Because the property had no access to Cabin Creek Road, the common grantors also transferred to the grantees a strip of land, approximately 33 feet in width and 1,350 feet in length. The strip ran east from Cabin Creek Road to Lee and Berta's property and, at the time of the original grant, bisected the common grantors' property. Lee and Berta developed a dirt road—the disputed road—by driving over the strip.

In 1975, Lee and Berta transferred their interest in the property, including the strip, to the Harts, who added a layer of gravel to the disputed road so that it could be used year-round. The Harts, in turn, transferred the property to Grage in 1998. Defendants acquired the property in 2003.

In 1955, the common grantors transferred 200 acres immediately to the south of the strip to plaintiff's predecessors, Louis and Susie Gerber. Louis and Susie in turn transferred the property to Shaw who, in 1969, transferred the property to plaintiff's parents, Lee and Elizabeth Insko. The Inskos believed that their deed encompassed the strip, and they immediately began using the road for access to their property.

In 1973, the Inskos partitioned their land, deeding the western 100 acres, directly contiguous to Cabin Creek Road, to the Bushes. It was at that time that the Inskos learned that they did not own the strip or the disputed road and that their remaining 100 acres would be landlocked. Thus, the Inskos retained a 20-foot easement over the Bushes' property for access to Cabin Creek Road. That easement runs south of and parallel to the strip. The Inskos nonetheless continued to use the road on the strip for ingress and egress. In the spring of 2004, a dispute arose between defendants and the Inskos concerning the Inskos' use of the road. After plaintiff acquired the property from the Inskos in

August 2004, he brought this action, seeking a prescriptive easement for use of the road.

At trial, it was not disputed that defendants' predecessors acquired the strip of land and built and used the road for their own access to their property from Cabin Creek Road. It was further undisputed that plaintiff and his predecessors also made open and continuous use of the road for access to their property. What was in dispute was whether plaintiff could establish that his and his predecessors' use of the road was adverse for the entire prescriptive period. According to defendants, plaintiff's use was permissive and did not interfere with defendants' use.

The parties offered conflicting testimony about whether defendants' predecessors gave permission to plaintiff's predecessors to use the road. The trial court found as a credibility matter that plaintiff's predecessors never asked permission of defendants' predecessors to use the road, and we defer to that finding. *D'Abbracci v. Shaw-Bastian*, 201 Or App 108, 125, 117 P3d 1032 (2005). Ultimately, however, as explained below, the case turns on the question of interference. For that reason, the trial court's credibility determination with respect to permission is not dispositive.

On the question of interference, defendant relied on the testimony of several witnesses. Berta Gerber, who owned defendants' land from 1951 to 1975, testified that during their ownership from 1951 to 1975, she and her husband were the exclusive users of the road and did not notice any use of the road by plaintiff's predecessors. Betty Hart, who owned defendants' land from 1976 to 1998, testified that the Inskos' use of the road did not interfere with the Harts' use. Grage, who acquired the property from the Harts in 1998, testified that shortly after he purchased the property, he improved the road significantly by adding rock, and that the Inskos' use was occasional and did not interfere with Grage's use.

Lee Insko, plaintiff's father, testified that when he acquired the property to the south of the strip in 1969, he believed that he owned the strip. At that time, the neighbors to the north of the strip, Louis and Susie Gerber, were living

in the nearby town of Umapine. Insko testified that the strip was fenced on both its north and south boundaries, with access gates to the Inskos' property.

Insko testified that his family did not live on the property and used it exclusively for farming and recreation. They used the road for access for farming equipment and recreational vehicles, for moving cattle, and for maintaining the fences along the northern boundary of their property. Insko testified that for a couple of weeks in each of two years, he put up temporary fencing across the strip to enclose yearlings, but that he stopped that practice in 1970 or 1971, when the Gerbers returned to their property, so that he did not block their use of the road.

Insko testified that in 1973, when he and his wife Elizabeth sold the western 100 acres of their property to the Bushes, they learned that they did not own the strip. For that reason, in the deed to the Bushes, the Inskos reserved a 20-foot easement for access to their property from Cabin Creek Road. That easement, however, falls several feet short of Cabin Creek Road and is 10 to 12 feet below road grade; it would require significant work, including engineering, to make the easement usable as access. Thus, the Inskos continued to use the disputed road.

Insko testified that he did not know of any occasion when his use interfered with defendants' predecessors' use of the road. Insko testified that in 2003, the Inskos began using the road to haul rock for the development of a separate road on their property. He denied that the Inskos' use caused damage to the road.

Plaintiff himself testified that, over the years, he and his family had used the strip for farming and recreation and that his family's use of the road did not damage it. Plaintiff testified that, prior to defendants' ownership of the strip, he was not aware of anyone having complained that plaintiff's use of the road had interfered with the owner's use.

Defendants contended that, taken together, the evidence established that plaintiff's use of the road did not interfere with the use of the road by defendants or their predecessors for a 10-year prescriptive period and that defendants have therefore overcome the presumption of adverseness.

For his part, plaintiff relied on evidence of the existence of fencing along the south side of the road, which he contended encroaches 12 to 14 feet onto the deeded strip and thus presents a classic example of hostile use. He also relied on the testimony of Lee Insko regarding the Inskos' temporary fencing of the road for grazing of cattle on the strip, which completely blocked off defendants' predecessors' use of the strip for two weeks at a time. Finally, he contended that the mere fact that he and his predecessors used the road continuously for 37 years, in and of itself, supported a finding of adverseness.

As noted, after hearing the evidence, the trial court found credible the evidence that plaintiff's predecessors never sought permission to use the road. The trial court also found that the Inskos' use of the road to transport farm equipment caused damage to the road. The trial court found that plaintiff's predecessors had used the road in an open, continuous manner under a claim of right for over 10 years, for farming and ranching purposes, to haul hay and cattle and to transport farm machinery. The court concluded that plaintiff's use gave rise to a presumption of adverseness, and that defendants had failed to rebut the presumption of adverse use. The court determined that, by 1979, plaintiff's adverse use had ripened into a prescriptive easement of 25 feet in width across the length of the road.

■ On appeal, defendants assert that the trial court erred in declaring that plaintiff has a prescriptive easement across defendants' property. According to defendants, the trial court should not have concluded that plaintiff established sufficient evidence of use of the road to trigger a presumption that the use was adverse. Plaintiff responds that the trial court did not err. According to plaintiff, evidence of his and his predecessors' interference with an owner's use of a road need not be great; it need only be inconsistent with the owner's use. In this case, plaintiff argues, his evidence was sufficient to meet that standard of proof.

■■ We begin with a brief survey of the pertinent law regarding prescriptive easements. In general, they are not favored. *Wood v. Woodcock*, 276 Or 49, 56, 554 P2d 151 (1976). To establish the existence of such an easement, the

plaintiff must show, by clear and convincing evidence, that the plaintiff or its predecessors used the road in a manner that was open, notorious, adverse, and continuous for a period of 10 years. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974).

■■ It is commonly said that a plaintiff's use of a road over a neighbor's property for the prescriptive period is presumed to be adverse to the owner's use and under a claim of right. *Feldman et ux. v. Knapp et ux.*, 196 Or 453, 472, 250 P2d 92 (1952); *House v. Hager*, 130 Or App 646, 651, 883 P2d 261, *rev den*, 320 Or 492 (1994). That presumption generally applies when the plaintiff or the plaintiff's predecessor constructed the road. *See Feldman et ux.*, 196 Or at 472. The applicability of the presumption is less certain when the plaintiff or the plaintiff's predecessor did not construct the road in question. *Woods v. Hart*, 254 Or 434, 436, 458 P2d 945 (1969). In fact, in *Trewin v. Hunter*, 271 Or 245, 248, 531 P2d 899 (1975), the court stated that when there is no evidence as to who constructed the road, a presumption arises that the servient owner constructed it for his own use and that the neighbor's use is permissive, not adverse. *See also Boyer v. Abston*, 274 Or 161, 163-64, 544 P2d 1031 (1976). And when, as in this case, it is *known* that the servient owner constructed the road for his own ingress and egress, that fact leads at least to an inference, if not a presumption, that the plaintiff's use was with permission. *Hayward v. Ellsworth*, 140 Or App 492, 497, 915 P2d 483 (1996).

■ Assuming, however, that a presumption of adverseness arises, it may be rebutted by evidence that the plaintiff's use was of an existing way (*i.e.*, a way not constructed by the plaintiff or the plaintiff's predecessor) and did not interfere with the owner's use of the servient land. *Woods*, 254 Or at 437; *see also Petersen v. Crook County*, 172 Or App 44, 53, 17 P3d 563 (2001); *Arana v. Perlenfein*, 156 Or App 15, 20-21, 964 P2d 1125 (1998).

In this case, defendants rely on the evidence that plaintiff's and his predecessors' use of the road did not interfere with defendants' use or that of their predecessors and thereby rebuts the presumption of adverseness.

Plaintiff, as he did at the trial court, relies on evidence of the existence of the fence that encroached 12 to 14 feet onto the deeded strip on which the road was located. The problem with his reliance on that evidence, however, is the fact that there is no evidence that the fence encroached on *the road*.

Plaintiff, as he also did at the trial court, relies on Lee Insko's testimony concerning the temporary fencing of the road itself for two weeks at a time. The problem with that evidence, however, is the fact that the undisputed evidence shows that Insko fenced off the strip in that fashion on only two occasions, during a time when the owners were not present—hardly sufficient to establish adverseness for the requisite 10-year prescriptive period. *See Petersen*, 172 Or App at 53 (adverse use must be for requisite prescriptive period).

Plaintiff contends that his and his predecessors' continuous and intense use of the road for 37 years, as if they were the owners, in and of itself supports a finding of adverseness. The question in this case, however, is whether defendants have overcome that presumption by showing that plaintiff's use, however intense, did not interfere with defendants' use.

■       Plaintiff asserts that evidence of damage to the road over the years due to plaintiff's predecessors' continuous travel constituted such an interference. However, damage to a road alone will not support a finding of interference if the damage did not actually interfere with the owner's use. *Webb*, 205 Or App at 29. Here, there is some evidence that plaintiff's use damaged the road and some evidence that it did not; however, there is no evidence that any damage to the road caused by plaintiff's use interfered with defendants' or their predecessors' use of the road.

■       Finally, plaintiff points to ways in which he contends that plaintiff's predecessors made known their intention to claim an interest in the road in a manner inconsistent with defendants' exclusive ownership interest. He refers to Lee Insko's testimony concerning his use of the road over the years as if it was his own, and statements to neighbors over the years that he believed that he either owned the disputed

road or had an easement over it. As we recently said in *Wiser v. Elliott*, 228 Or App 498, 503, 209 P3d 337 (2009), however:

> "In order to prove a prescriptive easement, it is not necessary to show, as is the case for a claim of adverse possession, that the claimant intended to assert ownership of the land. Thus, evidence that refutes any past assertion of complete ownership by the claimant is not dispositive of a prescriptive easement claim. Instead, *evidence of a prescriptive easement goes to the manner in which property is used—whether the claimant's use is open, continuous, with or without permission of the servient property owner, and in a way that is inconsistent with the owner's use.*"

(Emphasis added.) Contrary to the implication of plaintiff's argument, the question of adverse use does not depend on the claimant's subjective intentions with regard to the disputed road; the question of adverseness turns on whether the property was actually used in a manner that was inconsistent with the owner's use.

In short, in this case, we find that defendants have established that plaintiff's and his predecessors' use of the road over the years, although continuous and, at times, intense, did not interfere with defendants' use of the road. We conclude therefore, that the trial court erred in declaring that plaintiff has established a prescriptive easement over the road.

Reversed and remanded for entry of judgment for defendants.

# APPENDIX